# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIDFIRST BANK,<br>   PLAINTIFF,<br>-vs-<br><br>GERALD S. DUFF; JODI L. DUFF; UNITED STATES OF AMERICA;<br>   DEFENDANTS, | NO. 11 CV 490-JPG-DGW |

## JUDGMENT OF FORECLOSURE AND SALE

   This cause having been duly heard by this Court for trial on Count I of Plaintiff's Amended Complaint, and court being fully advised, the Court hereby **GRANTS** the plaintiff's motion for default judgment (Doc. 39) and motion to supplement its motion for default judgment (Doc. 44) and **FINDS**:

   1. It has jurisdiction of the parties hereto and the subject matter hereof.

   2. That all the material allegations in Count I of the Amended Complaint are true and proven and that by virtue of the mortgage, and the evidences of indebtedness secured thereby alleged in the Complaint and presented by Plaintiff at trial, there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereinafter for the following:

| (a). | | |
|---|---|---|
| | Unpaid Principal Balance | $85,863.28 |
| | Interest | $11,654.81 |
| | Late Charges | $674.22 |
| | Real Estate Taxes | $2,420.72 |
| | Insurance | $1,850.53 |
| | Suspense | ($282.72) |
| | Attorney Fees | $1,035.00 |
| | Costs of Suit | $1,246.00 |
| | Total | $104,461.84 |

   3. The date when the last of the owners of the equity of redemption were served with summons or by publication was October 20, 2012 and the right to reinstate expired on January 20,

2013. The rights of redemption shall expire on **June 20, 2013** unless shortened by further Order of Court.

4. That the Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Madison County Recorder of Deeds and the property herein referred to and directed to be sold is described as follows:

> PARCEL 1: ALL THAT PART OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 33, TOWNSHIP 3 NORTH, RANGE 8 WEST OF THE THIRD PRINCIPAL MERIDIAN DESCRIBED AS FOLLOWS: FROM A STONE AT THE CENTER OF SAID SECTION, RUN EAST ALONG THE EAST AND WEST CENTER SECTION LINE FOR A DISTANCE OF 700 FEET FOR A PLACE OF BEGINNING OF THE TRACT HEREINAFTER DESCRIBED; THENCE EAST ALONG SAID EAST AND WEST CENTER LINE FOR A DISTANCE OF 406 FEET TO A STONE; THENCE IN A SOUTHERLY DIRECTION FOR A DISTANCE OF 250.5 FEET TO A POINT WHICH IS 1,108.5 FEET EAST AND 279 FEET SOUTH OF THE CENTER OF SAID SECTION 33; THENCE IN A WESTERLY DIRECTION ON A STRAIGHT LINE FOR A DISTANCE OF 408.5 FEET TO A POINT WHICH IS 261.5 FEET SOUTH OF THE PLACE OF BEGINNING; THENCE NORTH ON A LINE PARALLEL WITH THE WEST LINE OF SAID QUARTER QUARTER SECTION FOR A DISTANCE OF 261.5 FEET TO THE PLACE OF BEGINNING; EXCEPT THAT PART THEREOF CONVEYED BY JOHN DETTO, A WIDOWER AND NOT REMARRIED TO WILLIAM M. LAWS AND MARGARET LAWS, HIS WIFE, BY DEED DATED OCTOBER 20, 1960 AND RECORDED NOVEMBER 4, 1960 IN BOOK 2036 ON PAGE 425; EXCEPT FURTHER THAT PART THEREOF CONVEYED BY JOHN DETTO, A WIDOWER AND NOT REMARRIED, TO RALPH ENGLAND AND MARJORIE ENGLAND, HIS WIFE, BY DEED DATED OCTOBER 21, 1960 AND RECORDED NOVEMBER 4, 1960 IN BOOK 2036 ON PAGE 427, (EXCEPT COAL UNDERLYING SAID PREMISES WITH THE RIGHT TO MINE THE SAME) IN MADISON COUNTY, ILLINOIS. EXCEPTING COAL, OIL GAS AND OTHER MINERALS EXCEPTED OR RESERVED IN PRIOR CONVEYANCES, IF ANY. SITUATED IN THE COUNTY OF MADISON AND THE STATE OF ILLINOIS.
>
> PARCEL 2: A PARCEL OF LAND BEING PART OF A TRACT OF LAND CONVEYED TO JOHN DETTO AND HELEN DETTO, NOW DECEASED, HIS WIFE, IN THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 33, TOWNSHIP 3 NORTH, RANGE 8 WEST OF THE THIRD PRINCIPAL MERIDIAN RECORDED IN THE RECORDER'S OFFICE OF MADISON COUNTY, ILLINOIS ON DECEMBER 26, 1947 IN BOOK 1047 AT PAGE 253, SAID PARCEL OF LAND DESCRIBED AS FOLLOWS, TO WIT: BEGINNING AT THE SOUTHEAST CORNER OF SAID DETTO TRACT AND RUNNING THENCE IN A WESTERLY DIRECTION ALONG THE SOUTHERLY LINE OF SAID DETTO TRACT OF DISTANCE OF 135.0 FEET TO A POINT; THENCE NORTHWESTERLY INTERIOR ANGLE TO 120

DEGREES AND 36 MINUTES FROM THE LAST DESCRIBED COURSE A DISTANCE OF 166.09 FEET TO A POINT; THENCE EASTERLY AND PARALLEL TO THE SAID SOUTHERLY LINE OF DETTO TRACT A DISTANCE OF 215.84[1] FEET TO A POINT IN THE EAST LINE OF SAID DETTO TRACT; THENCE IN A SOUTHERLY DIRECTION ALONG THE LAST SAID EAST LINE A DISTANCE OF 143 FEET TO THE POINT OF BEGINNING; ALSO THE RIGHT OF INGRESS AND EGRESS OVER A 25 FOOT WIDE STRIP ALONG THE WEST SIDE OF A PARCEL OF LAND LYING NORTH OF AND ADJOINING THE PREMISES HEREIN DESCRIBED IN MADISON COUNTY, ILLINOIS. EXCEPTING COAL, OIL GAS AND OTHER MINERALS EXCEPTED OR RESERVED IN PRIOR CONVEYANCES, IF ANY. SITUATED IN THE COUNTY OF MADISON AND THE STATE OF ILLINOIS.

Commonly known as 420 Short Street, Collinsville, IL 62234

Permanent Index No.: 13-1-21-33-15-401-009; 13-1-21-33-15-401-007

5. (a). That the rights and interests of Defendants Gerald S. Duff and Jodi L. Duff in and to the property hereinbefore described, are inferior to the lien of Plaintiff heretofore mentioned.

(b). Defendant United States of America has a valid and subsisting lien in the property as a result of a mortgage recorded against the above-referenced property on August 14, 2009 as document no. 2009R41649 in the amount of $11,672.40. The lien of Defendant United States of America in and to the property hereinbefore described is inferior only to the lien of Plaintiff heretofore mentioned.

**IT IS THEREFORE ORDERED AND ADJUDGED BY THIS COURT as follows:**

1. SALE OF THE PREMISES: The premises hereinabove described, covered by the security foreclosed in this action, shall be sold at public venue by a Special Commissioner of this Court. The Judicial Sales Corporation, 1 South Wacker Drive, Chicago, Illinois, 60606, is hereby **APPOINTED** as Special Commissioner. The attorneys for the Plaintiff shall ensure public notice of the time, place and terms of sale. The notice of sale shall be published at least three (3)

---

[1] The Court awards judgment on Count II in favor of the plaintiff and orders that the Mortgage dated February 15, 2007, and recorded in the Madison County Recorder's Office on June 5, 2007, as Document No. 2007R30421 be reformed to change the reference to "218.84 feet" in the description of Parcel 2 to "215.84 feet" (Doc. 43).

consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than forty-five (45) days prior to the sale, the last such notice to be published not less than seven (7) days prior to the sale, by:

(a). advertisements in a newspaper circulated to the general public in the County in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and;

(b). separate advertisements in the section of such newspaper, which may be the same newspaper, in which the real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; provided, that where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement shall be sufficient.

(c). Notice of public sale shall be given by attorneys for the Plaintiff to all parties in the action who have appeared and have not theretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process of complaint, not more than 28 days nor less than seven (7) days prior to the day of sale. After notice is given as required in this Section, a copy thereof shall be filed in the office of the clerk of the court entering the judgment, together with a certificate of counsel or other proof that notice has been served.

The Plaintiff or any of the parties to this cause, may become the purchasers at such sale. The Special Commissioner may adjourn or continue the sale subject to the Notice and advertisement pursuant to the requirements of Chapter 735, Section 5/15-1507(4)(c) of the Illinois Compiled

Statutes.

  2. <u>TERMS OF SALE</u>: The Special Commissioner shall offer for sale the real estate described in Paragraph Five (5) above, with all improvements, fixtures and appurtenances thereto; or so much of said real estate which may be divisible and sold separately without material injury to the parties in interest. The real estate shall be sold at public auction to the highest bidder for cash; requiring payment not less than ten percent (10%) at the time of sale and the balance within twenty-four (24) hours plus interest at the statutory Judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment. All payments of the amount bid shall be in cash or certified funds payable to the Special Commissioner. In the event the bidder fails to comply with the terms of the purchase as required, then upon demand by the Plaintiff in a notice served on the Special Commissioner and the bidder, the funds submitted shall be forfeited to Plaintiff or Plaintiff has the option to have the property sold to the next highest bidder. In the event there is a third party bidder other than Plaintiff, the Special Commissioner shall obtain the name, address (other than a post office box), and telephone number of that bidder. Notice by regular mail to the address given by the bidder and to the Special Commissioner shall be deemed sufficient notification by the Plaintiff to exercise its option to forfeit the funds. The subject property is offered for sale without any representation as to quality or quantity of title or recourse to Plaintiff.

  3. <u>PROCEEDS OF SALE</u>: That out of the proceeds of such sale, the Special Commissioner's distribution shall be made in the following order of priority:

(a). The Commissioner shall be paid his/her reasonable fees and costs;

(b). The reasonable expenses of sale;

(c). The reasonable expenses of securing possession before sale, holding, maintaining and preparing the real estate for sale, including payment of taxes and other

governmental charges, premiums on hazard and liability insurance, receiver's and management fees and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to Section 15-1505 and other legal expenses incurred by the mortgagee;

(d). Out of the remainder of such proceeds, the amount found due to the Plaintiff in the Judgment shall be paid to the Plaintiff.

(e). If Plaintiff is the successful bidder at said sale, the amount due the Plaintiff, plus all costs, advances and fees hereunder with interest incurred between entry of Judgment and confirmation of sale shall be taken as a credit on its bid.

(f). If any sums remain, the amount found due to the United States of America as set forth in Paragraph 5 (b) above, if any, shall be paid to the United States of America, up to the amount of its lien set forth above. If such defendant is the successful bidder at sale, the amount due to said defendant, plus all costs, advances, fees hereunder with interest incurred between entry of Judgment and confirmation of sale shall be taken as a credit on its bid.

4. <u>CERTIFICATE OF SALE/RECEIPT</u>: Upon the sale of mortgaged real estate, the person conducting the sale shall promptly give a receipt of sale for funds tendered. The Special Commissioner, after entry of an order approving sale and upon the request of the successful bidder shall execute and deliver a certificate of sale to the successful bidder and record a duplicate of said certificate in accordance with Sections 12-119 and 12-121 of the Code of Civil Procedure. The certificate shall be freely assignable by endorsement thereon.

5. <u>REPORT OF SALE AND CONFIRMATION OF SALE</u>:

(a). Report of Sale – The plaintiff shall promptly file with the Court the report of sale of

      the person conducting the sale.

(b).    Hearing - Upon motion and notice in accordance with court rules applicable to motions generally, the Court shall conduct a hearing to confirm the sale. The hearing may consist of reviewing the papers submitted and need not be an oral hearing. The Court shall then enter an order confirming the sale, which order shall include a judgment for possession which judgment shall become effective thirty (30) days after entry. The confirmation Order may also approve the mortgagee's fees, costs and additional advances arising between the entry of the judgment of foreclosure and the confirmation hearing.

      6.    <u>COMMISSIONER'S DEED</u>: That upon confirmation of the sale, payment of the purchase price and any other amounts required to be paid by the purchaser at sale, the party conducting said sale shall execute and deliver to the holder of the certificate of sale or if no certificate has been issued, then to the holder of the receipt of sale or the assignee thereof, a deed sufficient to convey title; said conveyance shall be an entire bar to all claims of the parties to the foreclosure who have been served with process and all persons claiming thereunder; that thereupon, the grantee in such deed, or legal representative or assign, be let into possession of the premises.

      7.    That the parties hereto who shall be in possession of said premises, or any part thereof, including leaseholders, or any person who may have come into such possession under them or any of them, since the inception of the mortgage or commencement of this suit, shall upon presentment of said Commissioner's Deed of Conveyance, surrender possession of said premises to said grantee, his representative or assigns, and in default of so doing, an Order of Possession shall issue.

8. The Court hereby retains jurisdiction of the subject matter of this cause, and of all the parties hereto, for the purpose of enforcing this judgment.

**DATE: March 5, 2013**

                                                      s/J. Phil Gilbert  
                                                    **J. PHIL GILBERT**  
                                                    **DISTRICT JUDGE**